UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:13-po-145 |
| | : | |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| | : | |
| GREGORY NICOLL, | : | |
| | : | |
| Defendant. | : | |

ORDER DENYING DEFENDANT'S
MOTION FOR EARLY TERMINATION
OF ELECTRONIC HOME DETENTION (Doc. 15)

This criminal case is before the Court on Defendant's motion for early termination of his electronic home detention (Doc. 15) and the Government's memorandum in opposition (Doc. 16).

On July 22, 2015, Defendant Gregory Nicoll was sentenced to serve a term of ninety days imprisonment, which sentence this Court subsequently modified at Defendant's request to substitute a period of one hundred and eighty days of home detention in lieu of incarceration.  (Docs. 10 and 14).[1]  Defendant now seeks further modification of his already reduced sentence, to allow for early termination of his home detention after having served a little more than half of his sentence.  (Doc. 15). Defendant states that he has spent over ninety days on home detention without incident and that early termination will allow him to care for his ailing wife and step-daughter

---

[1] On March 4, 2015, Defendant pled guilty to two of the five counts charged by way of information.  (Doc. 6).  The two counts of conviction include:  failure to comply with the order of a police officer, in violation of 18 U.S.C. §§ 7 and 13 and Ohio Rev. Code § 2921.331(A) (Count 4); and driving under the influence, in violation of 18 U.S.C. §§ 7 and 13 and Ohio Rev. Code § 4511.19(A)(1)(a) and (G)(1)(a)(i) (Count 5).  (Doc. 10).

while also meeting the increasing demands of his employment.  The Government opposes the request, stating that Defendant was previously granted a substantial reduction and that Defendant's work and family obligations can be appropriately addressed by way of more modest modifications.  (Doc. 16).  The Court agrees.

This Court appropriately considered all relevant factors in reaching both its original sentence, as well as its subsequent decision to modify the sentence.  While Defendant's compliance thus far is certainly a credit to him, the fact that he has refrained from unlawful conduct for three months does not warrant further modification.  However, the Court is prepared at any time to consider specific modifications to the terms of his home detention in order to allow Defendant to care for his family and continue with his employment.  Defendant may seek such modification either by way of motion or through a request submitted by his probation officer.

Based upon the foregoing, Defendant's motion for early termination of his home detention (Doc. 15) is **DENIED.**

   **IT IS SO ORDERED**.

Date:  4/22/2016 　　　　　　　　　　　　　　　　　　 *s/ Sharon L. Ovington*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge